UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOMMY BAKER, et al.,                                    CASE NO.: 1:12-cv-112

            Plaintiffs,                                 Judge Michael R. Barrett

    v.

UNION TOWNSHIP, OHIO, et al.,

            Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' trial brief seeking to dismiss of Plaintiff's pending § 1983 claims and state law assault claim based on *Heck v. Humphrey*, 512 U.S. 477 (1994).  (Doc. 63).  Plaintiff has opposed the dismissal both in a response in opposition as well as in his own trial brief.  (Docs. 64, 67).  Defendants have filed a reply.  (Doc. 71).

## I.      BACKGROUND

This case was filed on February 7, 2012.  (Doc. 1).  On August 22, 2013, the Court granted in part and denied in part Defendants' motion for summary judgment.  (Doc. 47).  The background of this case was set forth in that Opinion and Order and is incorporated by reference here.  In that Opinion and Order, the Court abstained from considering whether Plaintiffs' claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because it had been raised for the first time in Defendants' reply brief.

On September 10, 2013, Defendants appealed the Court's decision to the Sixth Circuit.  (Doc. 48).  On September 19, 2014, the Sixth Circuit affirmed this Court's denial of summary judgment as to Officer Ventre's qualified immunity defense, and dismissed the appeal of the

denial of summary judgment as to the claims for municipal liability, assault, and battery for lack of jurisdiction.  (Doc. 49).

On October 6, 2014, the Court set this matter for trial.  The trial date subsequently was vacated, and the matter was reset for trial in May 2015.  Pursuant to a briefing schedule set by the Court, Defendants filed the trial brief raising the *Heck* issue on April 27, 2015, which now has been fully briefed.

## II.  *HECK V. HUMPHREY*

The *Heck* doctrine precludes an individual convicted of a crime from collaterally attacking his conviction through a § 1983 claim.  *Heck*, 512 U.S. at 486-87.  A § 1983 claim generally is not cognizable where a ruling on the claim would *necessarily* imply the invalidity of a conviction that has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus.  *Id.* To determine whether a § 1983 claim would imply the invalidity of the conviction, the Court must consider the claims raised under § 1983 as well as the specific offenses of which Plaintiff was convicted.  *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010).  "[I]f the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed."  *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014).

The Sixth Circuit has indicated that there are two circumstances under which *Heck* may apply to bar a § 1983 claim:

> "The first is when the criminal provision makes the lack of excessive force . . .
> an element of the crime."  *Shreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010)
> (citing *Heck*, 512 U.S. at 486 n. 6).  "The second is when excessive force . . . is
> an affirmative defense to the crime . . . ."  *Id.* (citing *Cummins v. City of Akron*,
> 418 F.3d 676, 684 (6th Cir. 2005), for the proposition that "an assault

2

conviction barred an excessive-force claim because the plaintiff did not raise excessive force as a defense.").

*Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 608-09 (6th Cir. 2014).

Here, Plaintiff pled "no contest" to resisting arrest in the municipal court for Clermont County, Ohio under Ohio Rev. Code § 2921.33, which provides, in pertinent part: "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." Ohio Rev. Code §2921.33(A).

The Sixth Circuit has recognized that Ohio Rev. Code § 2921.33 requires a "lawful arrest." *Hayward*, 759 F.3d at 610. Ohio courts generally define the lawfulness of the arrest based on whether probable cause exists to support the arrest:

> "[T]he lawfulness of an arrest is based upon the existence of probable cause. The use of excessive force may give rise to civil remedies or criminal defenses, but it does not negate the legal nature of an accused's detention for Fourth Amendment or concurrent statutory purposes. We agree . . . [that] 'the absence of excessive or unnecessary force is not a material element of the crime of resisting arrest . . . . The permissible use of force when excessive or unnecessary is used to effectuate an arrest was judicially created . . . and appears to be more of a defense than a material element.'"

*Hayward*, 759 F.3d at 610 (quoting *State v. Thompson*, No. 92CA1906, 1993 Ohio App. LEXIS 5377, at *4 (Ohio Ct. App. Nov. 9, 1993)). The Sixth Circuit has considered caselaw indicating that a lawful arrest cannot occur if the arresting officer has used excessive force and has found that the use of excessive force is an affirmative defense to the charge of resisting arrest. *Id.* at 611 (citing *White v. Ebie*, 191 F.3d 454 (6th Cir. 1999); *State v. Logsdon*, No. 13-89-10, 1990 Ohio App. LEXIS 5749 (Ohio Ct. App. Dec. 4, 1990)). Notably, the *Logsdon* decision, upon which the Sixth Circuit relies, indicates that excessive force is a defense when the "defendant effectively admits his resistance, if only to show that it was necessary [to resist] in order to protect himself from the officer's excessive force." *Logson*, 1990 Ohio App. LEXIS 5749, at *5. Further, *Heck* does not bar § 1983 suits alleging post-arrest excessive force. *Hayward*, 759 F.3d

3

at 612 (citing *Sigley v. Kuhn*, Nos. 98-3977, 99-3531, 2000 U.S. App. LEXIS 1465 (6th Cir. Jan. 31, 2000); *Michael v. City of Vermillion*, 539 F. Supp. 2d 975, 994 (N.D. Ohio 2008)).  A court therefore "must carefully examine the facts and the temporal sequence of the underlying offense and the alleged unconstitutional conduct to determine whether 'the alleged excessive force is used *after* the suspect ceases resisting arrest.'"  *Hayward,* 759 F.3d at 612 (citing *Michaels*, 539 F. Supp. 3d at 992).

The Sixth Circuit recently has considered *Heck* in the context of excessive force claims in two cases cited by the parties.  *Hayward*, 759 F.3d at 610-13; *Lucier v. City of Ecorse*, No. 14-1544, 2015 U.S. App. LEXIS 2322 (6th Cir. Feb. 10, 2015).[1]  In *Hayward*, the individual entered his home before the police communicated to him that he was under arrest.  *Id.* at 605.  The police then came to the door and demanded that the individual open the door.  *Id.*  The individual forced the door shut to prevent the officers from breaking in.  *Id.* One of the officers stuck a taser through a shattered window and blindly fired into the home, eventually hitting the body of the individual on more than one occasion.  *Id.*  Once the individual was no longer blocking the door, they entered into the home, tased him again to gain control while he continued struggling to defend and protect himself and his parents.  *Id.*  The officers then dragged the individual into the driveway where they beat him with batons, kicked him, and tased him again before they handcuffed him and officially arrested him.  *Id.* at 606.  The individual pled guilty to willfully fleeing a police officer and resisting arrest under Ohio Rev. Code. § 2921.33 and admitted that he physically injured an officer in the process.  *Id.*  He subsequently brought a § 1983 suit against the officers, alleging various constitutional violations including excessive force and various state law claims, including assault.  *Id.*  The Sixth Circuit held that the claims were

---

[1] Judge Clay authored the opinion in both *Hayward* and *Lucier*.

barred by *Heck* because it was clear that the alleged excessive force occurred in response to Plaintiff's resistance and before an arrest was effectuated. *Id.* at 613.

In *Lucier*, the wife of the plaintiff called the police to her home after the plaintiff began throwing glass and breaking items in their home while intoxicated. 2015 U.S. App. LEXIS 2322, at *2-3. When the police arrived, the plaintiff was in the basement playing drums. *Id.* at *3. Since he had no recollection of the events due to his inebriation, the wife and the police officers offered the only accounts of the events. *Id.* His wife testified that the plaintiff was playing the drums when he realized the police officers were standing in front of him. *Id.* He responded by standing up, dropping the drumsticks, and then sitting back down. *Id.* At that point, the officers began firing their tasers at the plaintiff. *Id.* at *3-4. The wife testified that the plaintiff never resisted the officers and that the officers then put their knees on him and put cuffs on him. *Id.* at *4. After they had the plaintiff handcuffed, they brought him to his feet and then dropped the plaintiff back to the ground on his back. *Id.* Subsequently, the officers escorted the plaintiff out of the house into the patrol car. *Id.* at *6. He was asked to put his feet in the vehicle, but he has no memory of what he said or did in response. *Id.* The officers claim that he began kicking the officers and refusing to put his legs in the vehicle despite their commands to stop resisting and kicking. *Id.* The plaintiff thereafter pled guilty to resisting arrest in violation of the City of Ecorse Ordinance § 17-21, which does not contain the same "lawful arrest" requirement of Ohio Rev. Code §2921.33(A). *Id.* at *7. He did not provide specific details about his offense as part of his plea or at his plea hearing. *Id.* The Sixth Circuit determined that the plaintiff's subsequent § 1983 excessive force claim was barred by *Heck*. *Id.* at *10. The Sixth Circuit disagreed because the description of the events, if accepted as true, did not necessarily contradict the plaintiff's guilty plea or conviction since the factual basis of the guilty

plea was never specified. *Id.* at *12. The Sixth Circuit could not determine whether the plaintiff's plea was based on his behavior in the basement or his subsequent behavior in the patrol car. *Id.* at *12-13. Since his plea could have been based on his subsequent behavior in the patrol car, it would not necessarily imply the invalidity of his conviction. *Id.* at *12-13.

Upon review of this relevant caselaw, the Court concludes that neither Plaintiff's § 1983 excessive force claim nor his assault claim would *necessarily* imply the invalidity of his "no contest" plea for resisting arrest. Similar to *Lucier*, the facts construed in the light most favorable to Plaintiff permit a jury to find two distinguishable events occurred: (1) resistance to a lawful arrest when Plaintiff fled outside the home and into the home; and (2) the use of excessive force after Plaintiff had ceased fleeing. *See also Michaels*, 539 F. Supp. 2d at 994 (relied upon in *Hayward*). Also like *Lucier*, the record is less than clear as to whether Plaintiff pled "no contest" with respect to resisting arrest with respect to the first or second event, or both. Further, there is information in the record that supports a finding that Plaintiff pled guilty to resisting arrest with respect to the events in the first temporal period only. The affidavit of Officer Ventre supporting the complaint filed against Plaintiff provided that: "After being told he was under arrest, the defendant continued to run from officers. A taser had to be used to get the defendant into custody." (Doc. 63-1, PageId 1190). During the plea hearing, a discussion occurred about Plaintiff's plea and the stipulation of facts. Plaintiff's counsel clarified the basis of his plea during the hearing: "[T]he only thing I would add is the factual basis for what he is pleading to are for events that occurred outside of his residence at the time on Rondo Lane, but other than that, we would stipulate that those facts constitute the events." (Doc. 63-2, PageId 1199). The Judge responded: "So noted. There will be a finding of guilty to the charge of resisting arrest." (Id.). Thereafter, the prosecutor expressed concern about stipulating that the facts all happened

6

outside the house, and the Judge explained "I think he's admitting that he fled at the point in time in which he initially was stopped and that continued on into the house." (Id.). When asked about his "no contest" plea during his deposition, Plaintiff explained that he pled no contest to resisting arrest involving the incidents that happened outside his home but not inside the house. (Doc. 19, PageId 174-75).

Considering that there is a lack of clarity as to the precise basis of the plea, the Court considers whether the excessive force claim brought in this case would be barred if the plea was based only on the first temporal period only. The facts demonstrate that Officer Ventre told Plaintiff he under arrest while outside the home, while he displayed his taser, and while telling him to get on the ground, but Plaintiff refused to obey and continued to run. (Doc. 27, PageId 539). By his "no contest" plea, Plaintiff appears to have conceded that he fled from Officer Ventre outside the home and into the home, after being told he was under arrest. That evasion of Officer Ventre supports the "no contest" plea for resisting arrest under Ohio Rev. Code § 2921.33. But Plaintiff does not allege in this case that his resistance to the arrest at that time was justified by the use of excessive force by Officer Ventre before entering the home, which is the basis for the affirmative defense as explained in *Logsdon*, 1990 Ohio App. LEXIS 5749, at *5 and *Hayward*, 759 F.3d at 612. Nor does he contend that at any point prior to or during his resistance that Officer Ventre's conduct made his arrest unlawful. If his excessive force claim had been based upon such arguments, then it would be barred as explained in *Hayward*. Instead, Plaintiff's claim is based upon excessive force at a time when the facts construed in his favor show that he had fleeing thus ending any alleged criminal activity.[2] Plaintiff thus did not need to raise the affirmative defense of excessive force as to a charge based upon the first event because

---

[2] The Sixth Circuit has affirmed this Court's determination that the facts construed in favor of Plaintiff support a finding that Plaintiff was not resisting arrest when Officer Ventre entered the home.

the alleged excessive force occurred thereafter at a time when Plaintiff claims he had ceased resisting. Stated differently, the Court does not find in this case that the "no contest" plea to a charge of resisting arrest would necessarily be undermined by a finding that Officer Ventre used excessive force against Plaintiff after he ceased resisting. *See Hayward*, 759 F.3d at 612 (stating that a court must carefully examine the facts and temporal sequences to determine whether "'the alleged excessive force is used *after* the suspect *ceases resisting arrest*'") (citing *Michaels*, 539 F. Supp. 2d at 992) (emphasis added); *see also Sullivan v. City of Memphis*, No. 14-2224, 2015 U.S. Dist. LEXIS 4112, at *7-8 (W.D. Tenn. Jan. 14, 2015) (holding that the plaintiff's excessive force claim was not barred by *Heck* where it was not necessarily inextricably intertwined with his evasion of arrest because he claimed he fled on foot after being pulled over but then surrendered, and after surrendering, he was beaten by the police, and determining that the claim was "akin to the situation where a plaintiff convicted of resisting arrest claims that he was subjected to excessive force after he ceased resisting and was brought under control").

As such, a judgment in favor of Plaintiff on his § 1983 excessive force or state law assault claim would not necessarily imply the invalidity of his conviction.

## III.   CONCLUSION

Consistent with the foregoing, Defendants' request for dismissal based on *Heck* (Doc. 63) is hereby **DENIED**.

**IT IS SO ORDERED.**

s/Michael R. Barrett
Michael R. Barrett, Judge
United States District Court